IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

REBECCA LEE GRAHAM,

    Plaintiff,

v.                                          CASE NO. 1:09-cv-00260-MP-GRJ

MICHAEL J ASTRUE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 24, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be affirmed. The time for filing objections has passed, and none have been filed.

In November 2004, the plaintiff underwent a mental status evaluation by Andres Nazario, Ph.D., who opined "that the claimant did not report nor manifest any symptoms of a psychological or emotional disorder." Doc. 15, p. 25[1] Although the plaintiff was found to have various limitations based on back problems, the plaintiff's claim for benefits was initially denied, and she appealed. The appeal pended between 2004 and 2007, when a hearing was held before an administrative law judge ("ALJ"). No other mental health examinations were performed during this pendency (between November 2004 and May 2007), although plaintiff did present to the emergency room on various dates in 2006.

On May 2, 2007, after the hearing by the ALJ but before he issued his order, plaintiff's

---

[1]The page numbers given throughout this order represent the numbers stamped on the record, and not necessarily the page number of each PDF in the CMECF system.

mental health was examined by William Benet, Ph.D.  Dr. Benet opined that claimant had severe depression and would "have marked difficulties with performing tasks involving sustained concentration and persistence, social interaction, and adaptation." Doc. 15, p. 26.  Based on Dr. Nazario's finding in November, 2004, and Dr. Benet's opinions from the May 2, 2007, examination, the ALJ found that plaintiff was not disabled before May 2, 2007, but was disabled as of that date.

The Court can be assured that it was the worsening depression of the plaintiff that supported the ALJ's decision by comparing the following two findings of the ALJ concerning plaintiff's condition prior to May 2, 2007 (Para. 4) and after May 2, 2007 (Para. 5).  They differ in only the final sentence:

> 4.  After careful consideration of the entire record, the undersigned finds that, prior to May 2, 2007, the claimant had the residual functional capacity to lift up to 10 pounds frequently and up to 20 pounds occasionally.  She could sit stand or walk for up to 6 hours each in an 8 hour workday. She was to avoid frequent ascending or descending of stairs. She could perform pushing and pulling activities with her upper and lower extremities. . She could perform activities requiring bilateral manual dexterity for both gross and fine manipulation.  She was to avoid hazards in the work place such as unprotected heights and moving machinery. She could occasionally crouch, stoop, balance, kneel, and crawl. She could at least understand, remember, and carry out simple job instructions. She was to avoid frequent, repetitive side to side twisting of her neck.

Doc. 15, p. 29.

> 5.  After careful consideration ofthe entire record, the undersigned finds that, beginning on May 2, 2007, the claimant has had the residual functional capacity to lift up to 10 pounds frequently and up to 20 pounds occasionally. She could sit stand or walk for up to 6 hours each in an 8 hour workday. She was to avoid frequent ascending or descending of stairs. She could perform pushing and pulling activities with her upper and lower extremities. She could perform activities requiring bilateral manual dexterity for both gross and fine manipulation. She was to avoid hazards in the work place such as unprotected heights and moving machinery.  She could occasionally crouch, stop, balance, kneel, and crawl.  She could at least understand, remember, and carry out simple job instructions. She was to avoid frequent, repetitive side to side twisting of her

> neck.  ***Due to the claimant's worsening depression and limitations with concentration she is unable to perform work activities on a sustained basis.***

Id. at 30. (emphasis added).

The ALJ does not state why he chose May 2, 2007, as the date of onset, other than by frequently referring to the mental examination of Dr. Benet on that date.  The plaintiff argues that this is an arbitrary choice of onset dates because even though the doctor first diagnosed the depression on that date, it surely must have started earlier than that.  However, because plaintiff offered no records of any mental health examinations between November, 2004, and May 2, 2007, picking an onset date between those two would also be purely arbitrary.  The undersigned agrees with the Magistrate Judge that the burden of proof regarding the plaintiff's inability to perform past relevant work initially lies with the plaintiff.  Walker v. Bowen, 826 F.2d 996, 1002 (11th Cir. 1987); *see also* Doughty v. Apfel, 245 F. 3d 1274, 1278 (11th Cir. 2001).  Since the burden lies with the plaintiff, the lack of medical evidence to support an earlier onset date justifies denying plaintiff's claim for this earlier period.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is accepted and incorporated herein.

2. The decision of the Commissioner, denying benefits, is affirmed.

**DONE AND ORDERED** this *12th*  day of July, 2011

       *s/Maurice M. Paul*
       Maurice M. Paul, Senior District Judge